Dear Mr. Caswell:
Your opinion request on behalf of the St. Landry Parish School Board ("Board") has been forwarded to me for research and reply. You requested an opinion of this office concerning whether ten and eleven month employees could receive retroactive pay. It is the opinion of this office that ten and eleven month employees are not entitled to retroactive pay unless the compensation that the employees received each year during that two month period was below the minimum salary schedule set forth in La.R.S. 17:419 et seq. where applicable.
You provided this office with the following background information. At the January 11, 2007 Board meeting, Superintendent Moreau presented a proposal to place ten and eleven month employees (also to be considered adult education facilitators, ten-month educational diagnosticians, teacher facilitators, instructional specialists and ten-month teachers in the special education area) on the present parish pay scale effective July 1, 2007. You further stated that during the past several years, the Board has made modifications to the salary schedules; however, the Board has never specifically addressed the method of payment for the ten and eleven month employees.[1] The 1991-1992 salary schedule has always been used for the tenth and eleventh months of employment because that was the last salary schedule to specifically address those employees. The employees that are affected by this method of payment argue that the rate of pay for the tenth and eleventh months of employment should utilize whatever parish teacher salary schedule is currently in effect. *Page 2 
Hence, the Board seeks to determine whether or not the affected employees can be retroactively paid.
We find this issue to be controlled by the provisions of Article VII, § 14 of the 1974 Louisiana Constitution. It provides in pertinent part: "[e]xcept as otherwise provided by this constitution, the funds, credits, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association or corporation." Relying on City of Port Allen v. La.Municipal Risk Management Agency, Inc. et al, 439 So.2d 399 (La. 1983), prior opinions of this office have applied Article VII, Section 14 to situations in which the state or a political subdivision had no obligation to make a payment of public funds. Additionally, this office has previously determined that payments of additional compensation to public employees, to be constitutionally valid, must be in the form of salary increases for future services to be rendered, not extra compensation for past services already rendered and recompensed. La. Atty. Gen Op. No. 05-0060. However, this office has interpreted La.Const. art. VII, § 14 as not prohibiting the payment of earned compensation retroactive to the time at which the state or a political subdivision obligated itself to make a payment. La. Atty. Gen. Op. No. 00-67. In accordance with the above citied opinions and case law, the test for determining the constitutionality of a particular payment to a public officer or employee is whether the payment is made out of a motive of beneficence solely to enrich the employee or whether the payment is deserved and made as recompense for service rendered, for which the employee was not adequately paid. La. Atty. Gen. Op. No. 95-923.
Recently a different standard was established to determine compliance with La.Const. art. VII, § 14 in Board of Directors of the IndustrialDevelopment Board of the City of Gonzales v. All Taxpayers, et al.
2005-2298 (La. 09/06/06), 938 So.2d. 11 (Cabela). At issue in Cabela was whether it was constitutionally valid for a municipality to issue bonds to provide public funding for the development of a private retail center. The Louisiana Supreme Court determined that based on a finding that both the municipality and the private entity expected to receive something of value, the public assistance extended to the private retailer was not a donation of public funds. Thus, it was not a violation of the Louisiana Constitution. Cabela repudiated the interpretation of La.Const. art. VII, § 14 in City of Port Allen and instead held "§ 14 is violated when public funds or property are gratuitously alienated. Id. at 23.
Regardless of whether we apply the pre-Cabela reasoning followed in our prior opinions or the legal standard set forth in Cabela, it is our opinion that the Board may not retroactively pay the ten and eleven month employees as such payment would be an unconstitutional donation. Such payment fails to meet the former standard because the payments were not prospective in nature, but concerned services that were rendered in the past. Additionally, the Board has no legal obligation to make the payments because the Board did not authorize changes to *Page 3 
the salary schedule for these employees until January 2007. Furthermore, under the Cabela standard, the Board would not be allowed to retroactively pay the affected teachers. Unlike in Cabela, the payment here appears to be purely gratuitous in that there is no public benefit or public purpose motive behind this payment and again, unlike in Cabela, the payment did not impose mutual obligations on the parties (i.e. the employees and the Board).
As stated in your opinion request, the employees who desire to receive retroactive pay argue that the rate of pay for the tenth and eleventh months of employment should utilize whatever parish salary schedule is currently in effect. The employees allege that they are entitled to this rate of pay because of the unofficial guidelines developed by the Board's payroll staff. The unofficial guidelines provide that Master (Helping) Teachers "[s]hall be paid for 9-month school session according to the Parish Teachers' Salary plus 5% of the current state salary schedule. Payment for each additional month of employment shall be based on the current Parish Teachers' Salary Schedule." However, the guidelines on which these employees are basing their argument were developed by payroll employees and not by the Board itself.
Only the Board has the authority to determine the salary for ten and eleven month employees and the last change authorized by the Board was for the 1991-1992 salary schedule. La.R.S. 17:81(A) provides in pertinent part: "[e]ach city and parish school board shall determine the number of schools to be opened, the location of school houses, the number of teachers to be employed and select teacher and all other certified personnel [. . . ] The board shall have the authority to employ teachers by the month or by the year, and to fix their salaries." [emphasis added.] Thus, the 1991-1992 schedule, which was the last Board-approved pay scale, must be used to determine the appropriate pay for the ten and eleven month employees, regardless of any policy developed by Board employees.
However, it is important to note that there is a minimum salary schedule set forth in the Louisiana Revised Statutes. La.R.S. 17:419
provides "[t]here is established and shall be maintained a minimum salary schedule, to be administered by the state board of education, to be paid teachers employed in the public elementary and high schools of the state, and teachers employed in the state schools for the deaf and the blind. This minimum salary schedule shall be applicable to qualified teachers possessing a valid teacher's certificate and whose legal employment requires such teacher's certificate." Furthermore, La.R.S.17:419.1 provides in pertinent part "[t]he State Board of Elementary and Secondary Education shall formulate, develop, and recommend to the legislature, statewide minimum salary schedules for school support personnel." Thus, if the compensation these affected employees received was below the minimum salary schedule set forth in La.R.S. 17:421, the Board would be obligated to retroactively pay the employees the difference between the amount *Page 4 
that the employees initially received and the amount that is required in the minimum schedule. Although the Board is given the authority to fix salaries, the Board may not make rules or regulations which are inconsistent with the Board of Elementary and Secondary Education. See La.R.S. 17:81(C). Thus, the Board would be obligated to pay this amount, if the salaries did not meet the statutory minimum set forth in La.R.S.17:419 et seq.
Additionally, you asked in your opinion request whether an exchange between a Board member and the Superintendent at the April 1, 2004 Board meeting affected the issue of whether or not these employees can be paid retroactively. At the April 1, 2004 meeting, a Board member asked if there were any other employee groups paid on the old salary schedule. In response to the question, the Superintendent replied that he would research to ascertain whether there were any such groups still paid on the old schedule. It is the opinion of this office that the exchange between the Board member and the Superintendent would not affect the issue of whether or not the employees can be paid retroactively.
The exchange between the Board member and the Superintendent would not affect the answer of this office because the payment of earned compensation retroactive to the time at which the political subdivision obligated itself to make such a payment is distinguishable from extra compensation for past services rendered. Here, the Board never obligated itself to increase the salary of ten and eleven month employees. The Board did not take action to increase the method of pay after the creation of the 1991-1992 salary schedule until the Board meeting in January 2007. As stated in La.R.S. 17:81, the Board has the authority to determine salaries. Thus, even if the Board was aware of the discrepancy in the salary schedule, the 1991-1992 pay schedule remained valid until the board acted to change the salary schedule in 2007.
Therefore, it is the opinion of this office that ten and eleven month employees are not entitled to retroactive pay unless the compensation that the employees received each year during those two extra months was below the minimum salary schedule set forth in La.R.S. 17:419 etseq. where applicable.
We hope this sufficiently answers your inquiry. If we can be of further assistance, please do not hesitate to contact us.
 With Best Regards,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 By:________________________
 Cherie A. Lato
 Assistant Attorney General
[1] At issue is not how the first nine months of employment is paid, but rather how the tenth and/or eleventh month of employment is paid.